UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RALPH D. RANSOM,                )
                                )
            Plaintiff,           )
                                )
       v.                        )    No. 4:06CV1702 FRB
                                )
DONALD C. WINTER, Secretary,     )
United States Department of the  )
Navy,                            )
                                )
            Defendant.           )

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant Donald C. Winter's Motion for More Definite Statement (filed May 22, 2007/ Docket No. 6). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Ralph D. Ransom brings this cause of action pro se against defendant Donald C. Winter, Secretary, United States Department of the Navy, alleging that defendant unlawfully discriminated against him by terminating his employment with the Navy Exchange on account of his race and age. Defendant now moves for more definite statement pursuant to Fed. R. Civ. P. 12(e) and requests that plaintiff be ordered to file an Amended Complaint. Plaintiff has not responded to the motion.

A motion for more definite statement may be granted if "a pleading . . . is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading[.]" Fed. R. Civ. P. 12(e). Motions under Rule 12(e) are disfavored and should not be granted unless the Complaint is so vague or ambiguous as to be unintelligible "that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." 5C Wright & Miller, Federal Practice & Procedure: Civil 3d § 1376 at 311 (2004). Defendant argues that he is unable to frame a response to plaintiff's Complaint inasmuch as the Complaint is unintelligible and fails to comply in any respect with Fed. R. Civ. P. 8(a) in that it fails to allege the nature of plaintiff's claim(s) and the relief sought, and fails to identify the statute and legal basis upon which plaintiff claims he is entitled to relief.

Rule 8(a) requires that every pleading setting forth a claim for relief contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. The Complaint must provide the defendant "with fair notice of what each claim is and the ground on which each claim rests." Rose v. Kinevan, 115 F.R.D. 250, 251-52 (D. Colo. 1987). Liberally construing plaintiff's pro se Complaint here, the Court determines plaintiff to have satisfied the necessary requirements of Rule 8(a)

such that defendant is able form a response.

In his Complaint, plaintiff claims that in July 2003, defendant terminated him from his employment with the Navy Exchange in London, England; that he did not become aware until June 2005 that his termination was on account of his race and age, at which time he initiated EEO proceedings; that persons similarly situated have been reinstated to the Navy Exchange; and that defendant's unlawful conduct in terminating his employment has affected his ability to obtain other employment. Federal courts have subject matter jurisdiction over an aggrieved employee's claims of age discrimination and race discrimination against a federal agency. See 29 U.S.C. § 633a; 42 U.S.C. § 2000e-16. In addition, the facts recited by plaintiff are sufficient to provide the defendant with fair notice of what his claim is and the grounds on which the claim rests. See Conley v. Gibson, 355 U.S. 41, 47-48 (1957); see also Young v. Warner-Jenkinson Co., Inc., 170 F.R.D. 164, 165 (E.D. Mo. 1996) (motions for more definite statement are not designed to remedy alleged lack of detail). As such, plaintiff's pro se Complaint satisfies the pleading requirement of Rule 8(a)(1) and (2).

As properly noted by the defendant, however, the Complaint is devoid of any demand for judgment as required under Rule 8(a)(3) and instead requests generally that the Court make a "judicious decision in favor of complainant." Nevertheless, such

failure to make a specific demand does not provide a basis to compel plaintiff to make a more definite statement.  Indeed, Fed. R. Civ. P. 54(c) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in the party's pleadings*."  (Emphasis added.)  Accordingly, "the relief ultimately allowed is a function of the facts as adduced during the course of the entire proceeding and is not limited by the scope of the prayer in the complaint."  United States v. Metro Dev. Corp., 61 F.R.D. 83, 86 (N.D. Ga. 1973).  A more definite statement of the relief sought, therefore, would not necessarily bear on the relief eventually granted.  Because greater specificity of such relief is not essential to provide the defendant with reasonable notice of the substantive claim lodged against him, the undersigned finds that he is able to adequately form his answer in a manner complying with the minimal duty imposed by Rule 8(b).  Id.; 5 Wright & Miller, Federal Practice and Procedure:  Civil 3d § 1255 at 508-09 (2004) (demand for judgment is not considered part of the claim and improper demand is not fatal to party's pleading).

Therefore, for all of the foregoing reasons, the undersigned finds plaintiff's Complaint not to be so vague, ambiguous or unintelligible such that the defendant cannot reasonably frame a responsive pleading.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for More Definite Statement (Docket No. 6) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _3rd_ day of July, 2007.