UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RALPH D. RANSOM,                    )
                                    )
                Plaintiff,          )
                                    )
         v.                         )    No.  4:06CV1702 FRB
                                    )
DONALD C. WINTER, Secretary,        )
United States Department of the     )
Navy,                               )
                                    )
                Defendant.          )


                    **MEMORANDUM AND ORDER**

          Presently pending before the Court is defendant Donald C.

Winter's Motion for Summary Judgment (filed April 30, 2008/Docket

No. 16).  All matters are pending before the undersigned United

States Magistrate Judge, with consent of the parties, pursuant to

28 U.S.C. § 636(c).

          Plaintiff Ralph D. Ransom brings this cause of action pro

se against defendant Donald C. Winter, Secretary, United States

Department of the Navy, alleging that defendant unlawfully

discriminated against him by terminating his employment with the

United States Navy Exchange in London, England, and debarring him

from Naval facilities in London on account of his age and in

reprisal for engaging in protected activity.  Defendant now moves

for summary judgment pursuant to Fed. R. Civ. P. 56 arguing that

there are no genuine issues of material fact and that he is

entitled to judgment as a matter of law.  Plaintiff has responded

to the motion, to which defendant has replied.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of its motion, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. <u>Id.</u> The non-moving party may not rest upon its pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. <u>Celotex</u>, 477 U.S. at 324.

Summary judgment is a harsh remedy and should not be granted unless the movant "has established [its] right to judgment with such clarity as to leave no room for controversy." <u>New England Mutual Life Ins. Co. v. Null</u>, 554 F.2d 896, 901 (8th Cir. 1977). The Eighth Circuit has noted, however, that "summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material

fact."  City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.,
838 F.2d 268, 273 (8th Cir. 1988).

## I.  Local Rule 4.01

As an initial matter, the undersigned notes that, in
compliance with Local Rule 4.01, the defendant submitted with his
Motion for Summary Judgment a Statement of Uncontroverted Material
Facts (Docket No. 19) which sets forth each purported fact in
separately numbered paragraphs.  Local Rule 4.01(E) requires that
every memorandum in opposition to a motion for summary judgment

> shall include a statement of material facts as
> to which the party contends a genuine issue
> exists.  Those matters in dispute shall be set
> forth with specific references to portions of
> the record, where available, upon which the
> opposing party relies.  The opposing party
> also shall note for all disputed facts the
> paragraph number from movant's listing of
> facts. *All matters set forth in the statement
> of the movant shall be deemed admitted for
> purposes of summary judgment unless
> specifically controverted by the opposing
> party.*

(Emphasis added.)

Although the plaintiff responded to defendant's Statement of
Uncontroverted Material Facts with his own Statement of
Uncontroverted Material Facts (Docket No. 23), a review of his
Statement shows it not to specifically controvert any purported
fact put forth by the defendant in his Statement, nor identify by
paragraph number or otherwise any of the defendant's facts to which

a genuine dispute may be found. Defendant argues, therefore, that the factual averments made in his Statement of Uncontroverted Material Facts (Docket No. 19) should be deemed admitted under Local Rule 4.01(E), citing <u>Northwest Bank & Trust Co. v. First Ill. Nat'l Bank</u>, 354 F.3d 721, 724-25 (8th Cir. 2003), and <u>Harris v. Interstate Brands Corp.</u>, 348 F.3d 761, 762-63 (8th Cir. 2003). The Court declines to do so.

An independent review of the exhibits submitted in support of the defendant's Motion for Summary Judgment shows not all of the factual averments made in his Statement of Uncontroverted Material Facts to be fully supported by the exhibits and, in some instances, to be contrary to such evidence. In light of such discrepancies between the defendant's Statement and his own evidence submitted to support his Statement, the Court is disinclined to deem the defendant's factual averments as admitted despite the plaintiff's failure to comply with the terms of Local Rule 4.01. The Court is especially reluctant in the instant circumstances given plaintiff's <u>pro</u> <u>se</u> status in this litigation.

Accordingly, the undersigned will proceed to determine the legal arguments raised in defendant's Motion for Summary Judgment based upon an independent review of all of the evidence submitted to the Court on the motion.

## II.  Evidence Before the Court on the Motion

From November 2000 through August 6, 2003, plaintiff

- 4 -

Ralph D. Ransom, a military retiree, was employed as a sales clerk at the United States Navy Exchange in London, England (NEX). (Deft.'s Exh. O, Pltf.'s Depo., at pp. 15-16.) Plaintiff was terminated from this employment on August 6, 2003. (Id. at p. 16.) At the time of his termination, plaintiff was sixty-five years of age. (Deft.'s Exh. A.) On August 13, 2003, plaintiff's military retiree limited privileges were revoked which resulted in plaintiff being debarred from, i.e., denied access to, most Naval facilities in London unless such access was needed for post office and/or medical services. (Deft.'s Exh. N, Truitt Decl.) The reason given by the Commander for the revocation of such privileges and debarment was that plaintiff had been found to have abused the Retirees' Limited Privilege Program on July 30, 2003, by selling rationed items in the NEX to an unauthorized recipient. (Id.)

A. Administrative Proceedings Commenced in 2003

On November 24, 2003, plaintiff filed an Equal Employment Opportunity (EEO) Complaint, Agency No. 04-65956-001, alleging that he was terminated from his employment and debarred from Naval facilities on account of his race, color, age, and sex (hereinafter referred to as "2003 EEO Complaint"). (Deft.'s Exh. D, 2003 EEO Complaint; Deft.'s Exh. E, Report of Investigation.)[1] Plaintiff

_____

[1]In his Statement of Uncontroverted Material Facts, defendant states that this EEO Complaint alleged only unlawful termination on account of race and color and that the Complaint was never amended to include a claim of unlawful debarment. (Deft.'s Stmnt. of Uncont. Mat. Facts, Docket No. 19, paras. 8, 9.) This Court's review of the 2003 EEO Complaint shows, however, that in addition

first made contact with an EEO counselor regarding this Complaint on October 1, 2003. (Deft.'s Exh. E.) On August 10, 2005, an Administrative Judge with the Equal Employment Opportunity Commission (EEOC) issued an Order Entering Judgment which denied plaintiff's claim of unlawful termination based on race and color. (Deft.'s Exh. J.) Within this Order, the Administrative Judge stated that plaintiff never formally requested that a claim relating to his debarment be included in the 2003 EEO Complaint, and that such a claim would nevertheless appear to be untimely inasmuch as it had not been brought within forty-five days of the alleged unlawful action. (Id., Order at pp. 3-4, n.3.) Plaintiff's claims of discrimination based on sex and age were not acknowledged or addressed in the decision.

On September 26, 2005, the Department of the Navy issued its Final Order implementing the August 2005 EEOC decision on plaintiff's claim of unlawful termination based on race and color. (Deft.'s Exh. F, Final Order.) Plaintiff's claims of discrimination based on sex and age were not acknowledged or addressed in the Final Order. On March 6, 2006, the EEOC Office of

---

to his claim of discrimination based on race and color, plaintiff also claimed discrimination on account of sex and age (Deft.'s Exh. D at p. 2) and, further, that such discrimination included his Captain having "issued letters barring [him] from all U.S. Naval facilities in the United Kingdom, on a permanent basis." (Id. at p. 3.) Defendant's averment, therefore, that plaintiff's 2003 EEO Complaint never challenged his debarment and included only allegations of discrimination based on race and color, is inaccurate.

Federal Operations denied plaintiff's appeal of the agency's Final Order as to plaintiff's claim of unlawful termination on account of race and color. (Deft.'s Exh. K, Decision.) The Commission found that because plaintiff did not request that the issue of his debarment be amended to the 2003 EEO Complaint, it would not address the issue further. (Id. at p. 2, n.2.) Plaintiff's claims of discrimination based on sex and age were not acknowledged or addressed in the Final Order. On April 13, 2006, plaintiff's motion for reconsideration of this Final Order was denied. (Deft.'s Exh. L, Denial.)

On July 7, 2006, plaintiff filed a civil action in this Court challenging the agency's decision on his 2003 EEO Complaint relating to his termination of employment on August 6, 2003. See Ransom v. Winter, Cause No. 4:06CV1076 FRB (E.D. Mo. 2006). Plaintiff raised no claim in that cause of action relating to his being debarred from Naval facilities in London. On February 27, 2007, the case was dismissed without prejudice on account of plaintiff's failure to timely serve the defendant. Id. (E.D. Mo. Feb. 27, 2007) (order). No other action occurred in the matter.

B.   Administrative Proceedings Commenced in 2005

In a letter dated January 8, 2005, plaintiff informed the Office of the Judge Advocate General for the United States Navy that he would like to initiate a claim of discrimination in relation to his inability to enter into a U.S. Navy facility in the

United Kingdom. Plaintiff requested that he be provided the name and address of an EEO counselor to contact. (Pltf.'s Exh. F, Docket No. 24, Letter to J.J. Truitt.) On June 11, 2005, plaintiff contacted the U.S. Navy EEO office regarding his debarment which occurred on August 13, 2003. (Deft.'s Exh. B, EEO Counselor's Report.) Plaintiff first spoke with an EEO counselor regarding his claim on June 28, 2005. (Id.) On August 8, 2005, plaintiff filed a formal EEO Complaint, Agency No. 05-62585-001, alleging that on August 13, 2003, the Navy discriminated against him on the basis of age and in reprisal for engaging in protected conduct by denying him access to Naval facilities in London (hereinafter referred to as "2005 EEO Complaint"). (Deft.'s Exh. A, 2005 EEO Complaint.) On January 11, 2006, the agency dismissed plaintiff's claims for failure to state a claim and for failure to comply with the forty-five-day limit within which to contact an EEO counselor in relation to a claim of discrimination. (Deft.'s Exh. C, Notice of Dismissal.) On July 10, 2006, the EEOC Office of Federal Operations affirmed the agency's dismissal of plaintiff's 2005 EEO Complaint on the ground that plaintiff's initial EEO contact regarding the matter was not made within forty-five days of the alleged discriminatory conduct. (Deft.'s Exh. H, Decision.) On September 6, 2006, plaintiff's motion for reconsideration of this Decision was denied. (Deft.'s Exh. I.)

On November 27, 2006, plaintiff filed the instant civil

action in this Court challenging the agency's decision on his 2005 EEO Complaint with respect to his August 13, 2003, debarment, claiming that such debarment prevented him from learning of and/or obtaining employment opportunities. In his initial pleading, plaintiff also addresses the August 6, 2003, termination of his employment.

### III. Discussion

Defendant argues that plaintiff's claims of discrimination are barred from review in this Court inasmuch as plaintiff failed to exhaust administrative remedies in relation to such claims. Specifically, defendant avers that any claims relating to the termination of plaintiff's employment are barred from review inasmuch as plaintiff failed to timely bring a civil action upon conclusion of the administrative process on such claims. With respect to plaintiff's claims relating to debarment and reprisal, defendant contends that plaintiff failed to timely invoke the administrative process and is therefore barred from pursuing such claims here. In the alternative, defendant argues that plaintiff has failed to demonstrate a *prima facie* case of discrimination and, further, that he nevertheless cannot show that the defendant's legitimate, non-discriminatory reason for adverse action is pretext for discrimination. The undersigned will address each of defendant's contentions in turn.

A.    <u>Exhaustion of Administrative Remedies</u>

Title VII prohibits discrimination in federal employment on the basis of the employee's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-16(a).  Title VII likewise prohibits employers from retaliating against employees for opposing any discrimination made unlawful by Title VII, or for making a charge or participating in any manner in an investigation or proceeding under Title VII.  42 U.S.C. § 2000e-3(a); <u>Bogren v. Minnesota</u>, 236 F.3d 399, 407-08 (8th Cir. 2000); <u>Brower v. Runyon</u>, 178 F.3d 1002, 1005 (8th Cir. 1999).  The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, prohibits age discrimination against federal employees.  Prior to filing a federal employment action in federal court under either Title VII or the ADEA, an aggrieved employee must comply with certain notice and exhaustion requirements.  <u>See</u> <u>Coons v. Mineta</u>, 410 F.3d 1036, 1039-40 (8th Cir. 2005) (Title VII and ADEA); <u>Patrick v. Henderson</u>, 255 F.3d 914, 915 (8th Cir. 2001) (Title VII); <u>Briley v. Carlin</u>, 172 F.3d 567, 571 (8th Cir. 1999) (Title VII).

1.    *Claims Brought Under Title VII*

"In order for a federal employee to sue under Title VII, the employee must satisfy certain time limitations."  <u>Jensen v. Henderson</u>, 315 F.3d 854, 858 (8th Cir. 2002) (citing <u>Brown v. General Servs. Admin.</u>, 425 U.S. 820, 833 (1976)).  First, federal employees must initiate contact with an EEO counselor within forty-

five days of the alleged discriminatory act. Id. (citing 29 C.F.R. § 1614.105(a)(1)). If counseling does not resolve the matter, the employee must be notified within thirty days of initial contact that he has the right to file a complaint of discrimination. The employee has fifteen days from receipt of the notice within which to file such a complaint. 29 C.F.R. §§ 1614.105(d), 1614.106. Under 29 C.F.R. §§ 1614.103 and 1614.106, complaints of discrimination for acts prohibited by Title VII may be brought against federal agencies and must be filed with the agency that allegedly discriminated against the complainant. Where the complainant appeals the agency's adverse decision to the EEOC and the EEOC renders a final decision, the complainant has ninety days from his receipt of the final decision within which to file a civil action in the United States District Court. 29 C.F.R. § 1614.407(c); 42 U.S.C. § 2000e-16(c). In the absence of waiver, estoppel or equitable tolling, the failure of an employee to meet these time limitations bars further action on the claims. See Bailey v. United States Postal Serv., 208 F.3d 652, 655 (8th Cir. 2000).

a.   Termination of Employment

To the extent the initial pleading in the instant cause of action may be construed to raise a claim that plaintiff's employment was unlawfully terminated on account of a protected status under Title VII, a review of the evidence before the Court

shows the claim to be untimely filed and thus barred from review here.

The undisputed evidence before the Court shows that any claims of discrimination challenging the termination of plaintiff's employment were raised only in plaintiff's 2003 EEO Complaint. Final agency action on that Complaint occurred on April 13, 2006, when plaintiff's motion for reconsideration of the agency's adverse decision was denied. Accordingly, plaintiff had ninety days from his receipt of notice of that decision, presumed to have occurred within five days after its issuance,[2] within which to file a civil action on the claims raised in the 2003 EEO Complaint. As such, any civil action was required to be filed not later than July 17, 2006. Although plaintiff timely filed a civil action on July 7, 2006, such action was dismissed without prejudice on February 27, 2007, for plaintiff's failure to serve the defendant. "Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir. 1995). Plaintiff therefore continued to be bound by the dictates of § 1614.407(c), that is, that his Title VII civil action challenging his termination be filed within ninety days of his receipt of the EEOC's final decision thereon.

To the extent plaintiff's initial pleading filed on

---

[2] See Deft.'s Exh. L.

November 27, 2006, in the instant cause of action may be construed as an attempt to refile his Title VII claims of unlawful termination, such filing occurred well beyond the ninety-day period within which plaintiff could bring a civil action on the claims raised in his 2003 EEO Complaint. Plaintiff presents the Court with no argument or evidence demonstrating that either waiver, estoppel or equitable tolling applies so as to render the claims timely. Nor is the ninety-day statute of limitations tolled by the filing and pendency of the case previously dismissed without prejudice. Garfield, 57 F.3d at 666. Accordingly, to the extent plaintiff's initial pleading here can be construed as an attempt to resurrect his claims of unlawful termination under Title VII brought in his 2003 EEO Complaint and in Ransom v. Winter, Cause No. 4:06CV1076 FRB (E.D. Mo. 2006), such claims are untimely and defendant is entitled to summary judgment thereon. Garfield, 57 F.3d at 666; Dunham v. City of O'Fallon, Mo., 945 F. Supp. 1256 (E.D. Mo. 1996).

       b.   Reprisal

To the extent plaintiff's initial pleading in this action raises a claim that he was unlawfully debarred from Naval facilities in London in reprisal for engaging in protected conduct, that is, for complaining about his alleged discriminatory termination, a review of the undisputed evidence shows the plaintiff to have failed to properly exhaust his administrative

remedies as to such a claim. Accordingly, the claim is barred from review here.

The undisputed evidence before the Court shows that the complained of conduct occurred on August 13, 2003. Accordingly, plaintiff had forty-five days therefrom, that is, through September 27, 2003, by which to initiate contact with an EEO counselor on the matter. Plaintiff's first attempt to pursue EEO action on a claim of retaliation occurred on January 8, 2005 – over fifteen months after the forty-five-day limitations period had expired. Although plaintiff cursorily contends in the instant Complaint that he was "not made aware of his employment discrimination until June 2005" (Compl., Docket No. 1, para. 1), plaintiff presents the Court with no argument or evidence demonstrating that either waiver, estoppel or equitable tolling applies so as to excuse his untimely contact with the EEO office. In order to withstand summary judgment, plaintiff must substantiate his assertions with "'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)).

Because plaintiff did not initiate contact with an EEO counselor regarding his claim of retaliation until well over forty-five days had passed since the complained of conduct, and plaintiff has failed to present any evidence excusing such untimeliness,

plaintiff failed to exhaust administrative remedies on his claim of unlawful reprisal, and defendant is entitled to summary judgment thereon. <u>Bailey</u>, 208 F.3d at 655.

    c. Debarment

To the extent the initial pleading in the instant cause of action may be construed to raise a claim that plaintiff was unlawfully debarred from entry onto Naval facilities on account of his Title VII protected status of race, color or sex, a review of the evidence before the Court shows the claim to be untimely filed and thus barred from review here.[3]

The undisputed evidence before the Court shows that any claim of discrimination in relation to plaintiff's debarment based on race, color or sex was raised only in his 2003 EEO Complaint.[4] Final agency action on that Complaint occurred on April 13, 2006, when plaintiff's motion for reconsideration of the agency's adverse decision was denied. Accordingly, plaintiff had ninety days from

---

[3]Plaintiff's claim that he was unlawfully debarred on account of his age is addressed <u>infra</u> at Sections III.A.2.b and III.B.

[4]As discussed <u>supra</u> at note 1, defendant avers that a claim relating to plaintiff's debarment was never raised in his 2003 EEO Complaint, despite evidence showing the contrary. The administrative action taken on plaintiff's 2003 EEO Complaint addressed only plaintiff's claim of discriminatory termination. Nothing has been presented to the Court to show the bases on which plaintiff pursed administrative appellate relief, and thus the Court has no knowledge as to whether plaintiff challenged the administrative finding(s) that a claim of discriminatory debarment had not been raised or whether plaintiff instead abandoned the claim. This Court will not address this abandonment issue further inasmuch as it was not put forth by the defendant as a basis upon which to obtain summary judgment on plaintiff's claim.

his receipt of notice of that decision, presumed to have occurred within five days after its issuance, within which to file a civil action on the claims raised in the 2003 EEO Complaint. As such, any civil action was required to be filed not later than July 17, 2006. As discussed *supra* at Section III.A.1.a, plaintiff timely filed such a civil action challenging only his termination, but such action was dismissed without prejudice in February 2007 thereby rendering the suit as though it had never been filed. The filing of the instant lawsuit on November 27, 2006, occurred well after the ninety days within which plaintiff could bring a civil action on the claims raised in his 2003 EEO Complaint. Because plaintiff has presented the Court with no argument or evidence demonstrating that either waiver, estoppel or equitable tolling applies so as to render these claims timely, any claims of discriminatory debarment based on race, color or sex are untimely and defendant is entitled to summary judgment thereon. Garfield, 57 F.3d at 666; Dunham, 945 F. Supp. 1256 (E.D. Mo. 1996).

    2.   *Claims Brought Under the ADEA*

Under the ADEA, aggrieved federal employees have two routes by which they may bring their claims of age discrimination in federal court. Stevens v. Department of Treasury, 500 U.S. 1 (1991). First, they may avoid the administrative process by filing a notice of intent to sue with the EEOC at least thirty days before filing the lawsuit, but within 180 days after the alleged acts of

discrimination have occurred. 29 U.S.C. § 633a(d). Alternatively, the employee may elect to exhaust administrative remedies by contacting the agency's EEO counselor within forty-five days of the unlawful practice and proceed through the administrative complaint process thereafter. 29 U.S.C. §§ 1614.105(a)(1), et seq. See also Coons, 410 F.3d at 1039. The administrative process includes the ninety-day requirement to file a civil action in federal court upon receipt of the agency's/EEOC's final decision. 29 C.F.R. § 1614.407(c); Burzynski v. Cohen, 264 F.3d 611, 619 (6th Cir. 2001). The failure to fulfill the prerequisites for suit under either of these two routes results in a complainant's ADEA claims being barred from judicial review. Rann v. Chao, 346 F.3d 192 (D.C. Cir. 2003).

    a.    Termination of Employment

    To the extent the initial pleading in this cause may be construed to raise a claim that plaintiff's employment was unlawfully terminated on account of his age in violation of the ADEA, a review of the evidence before the Court shows plaintiff to have failed to properly pursue either of the two routes by which he could bring such a claim in federal court. As such, the claim is barred from review here.

    The undisputed evidence before the Court shows that at no time before filing the instant lawsuit, nor at any time within 180 days of his termination, did plaintiff submit a notice of intent to

sue with the EEOC as required under 29 U.S.C. § 633a(d). (See Deft.'s Exh. M.) Plaintiff presents the Court with no argument or evidence demonstrating that either waiver, estoppel or equitable tolling applies so as to excuse his failure to comply with § 633a(d).

Although a review of the 2003 EEO Complaint shows plaintiff to have properly initiated the administrative process with respect to his claim of age discrimination in relation to his termination,[5] the undisputed evidence nevertheless shows that the instant lawsuit was filed seven months after the administrative process on his 2003 EEO Complaint had concluded – well beyond the ninety days within which plaintiff could bring this claim in a civil action. See discussion supra at Section III.A.1.a. Nothing before the Court demonstrates that either waiver, estoppel or equitable tolling applies so as to excuse plaintiff's untimely filing of this claim.

Accordingly, inasmuch as plaintiff failed to properly pursue either of the two routes by which he could bring his claim of age discrimination in federal court relating to his termination, such claim is barred from review here and defendant is entitled to summary judgment thereon.

b. Debarment

In his initial pleading, plaintiff claims that he was

_____

[5]Plaintiff did not challenge his termination on any ground in his 2005 EEO Complaint.

unlawfully debarred from Naval facilities in London on account of his age.  Defendant argues that review of such a claim is barred here because plaintiff failed to invoke the process under 29 U.S.C. § 633a(d) and further failed to timely invoke the administrative process inasmuch as plaintiff did not pursue an age discrimination claim relating to his debarment until June 2005, well after forty-five days had passed since the alleged conduct on August 13, 2003. As previously discussed, however, the undisputed evidence shows plaintiff to have initially contacted an EEO counselor within forty-five days of the alleged conduct and to have timely filed an EEO Complaint alleging age discrimination in relation to his debarment.  (See Deft.'s Exhs. D, E.)  The reason why the EEO and the EEOC did not address the claim in subsequent administrative proceedings on the 2003 EEO Complaint is unknown to the Court.  Nor has any evidence or argument been presented to the Court demonstrating that plaintiff abandoned the claim during such administrative proceedings.

Because the undisputed evidence shows plaintiff to have invoked the administrative process with respect to his claim of age discrimination in debarment within forty-five days of the alleged discriminatory conduct, defendant's argument that he is entitled to summary judgment on this claim due to plaintiff's failure to so invoke the administrative process is without merit.

The Court thus turns to defendant's alternative argument,

that is, that plaintiff has failed to establish a *prima facie* case of age discrimination and, further, cannot demonstrate that the Navy's proffered reason for its adverse conduct was pretext for discrimination.

B.   Age Discrimination in Debarment - Burden Shifting Analysis

The ADEA prohibits an employer from discriminating on the basis of age if that person is over forty years old.  29 U.S.C. § 631(a); Chambers v. Metropolitan Prop. & Cas. Ins. Co., 351 F.3d 848, 855 (8th Cir. 2003).  A claim of unlawful discrimination may be established through direct or indirect evidence.  Bearden v. International Paper Co., 529 F.3d 828, 830 (8th Cir. 2008). Plaintiff does not contend, and the record does not show, that he has any direct proof of adverse employment action on account of his age.  As such, because any evidence of age discrimination would be indirect, the Court must apply the familiar burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Riley v. Lance, Inc., 518 F.3d 996, 1000 (8th Cir. 2008). Therefore, in order to survive defendant's Motion for Summary Judgment, plaintiff must first be able to establish a *prima facie* case of discrimination.  Id.  If he is able to do so, the burden then shifts to defendant to produce evidence that the adverse action occurred for a legitimate, nondiscriminatory reason.  Id. If defendant comes forward with such evidence, the presumption of discrimination raised by plaintiff's *prima facie* case would drop

out of the case and plaintiff would need to show by a preponderance of the evidence that defendant's reason for adverse action was pretext for discrimination. Id. At all times, plaintiff bears the ultimate burden of proving that he was unlawfully discriminated against. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); Rose-Maston v. NME Hosp., Inc., 133 F.3d 1104, 1107-08 (8th Cir. 1998).

Defendant contends that plaintiff cannot establish a *prima facie* case of age discrimination. Defendant avers, however, that there nevertheless was a legitimate non-discriminatory reason for the alleged adverse action and that plaintiff cannot show that such reason was pretext for discrimination.

To make a *prima facie* case of age discrimination, plaintiff must show that (1) he was at least forty years old, (2) he was otherwise qualified for the position he held, (3) he suffered an adverse employment action, and (4) similarly-situated employees outside of the protected class were treated more favorably. Reeves, 530 U.S. at 142; Thomas v. Corwin, 483 F.3d 516, 528 (8th Cir. 2007). Defendant argues that plaintiff cannot show that his debarment constituted an adverse employment action inasmuch as his employment had already been terminated when such action occurred and because plaintiff cannot demonstrate harm on account of his debarment. Plaintiff argues, however, that the debarment, while not affecting his employment with the NEX,

nevertheless adversely affected his ability to obtain additional employment inasmuch as he was unable to access Naval facilities to seek employment. In addition, plaintiff argues and has presented evidence demonstrating that he has been denied employment in other government installations due to security clearance issues arguably related to his documented debarment. (See Pltf.'s Exh. G, Docket No. 24, Slater Letter, Samaroo Statement.) The undersigned finds such argument and evidence sufficient to demonstrate adverse employment action on account of debarment. See Brannum v. Missouri Dep't of Corrections, 518 F.3d 542, 549 (8th Cir. 2008) (material employment disadvantage includes changes in employment that significantly affect an employee's future career prospects) (quoting Spears v. Missouri Dep't of Corrections, 210 F.3d 850, 853 (8th Cir. 2000)).

To the extent defendant argues that plaintiff cannot satisfy the fourth prong of his *prima facie* case,[6] a review of the evidence shows plaintiff's debarment to have come as a result of the revocation of his military retiree privileges. Given that persons younger than forty more likely than not do not have *retiree*

_____

[6]Citing Ward v. International Paper Co., 509 F.3d 457 (8th Cir. 2007), defendant argues that the fourth prong of the *prima facie* case for age discrimination is that the plaintiff must provide some additional evidence that age was a factor in the employer's action. Inasmuch as Ward was a reduction-in-force (RIF) case and the Eighth Circuit in Ward emphasized the uniqueness of this prong to an RIF case, the undersigned will continue with the Reeves element that requires the plaintiff to show that a person outside the class was treated more favorably.

privileges revoked, the undersigned assumes for the sake of argument that plaintiff has satisfied the fourth prong of his *prima facie* case.

Nevertheless, the defendant has provided a legitimate, non-discriminatory reason for his action and plaintiff has failed to show such reason to be pretext for discrimination. The undisputed evidence before the Court shows that Captain S.D. Matts, Commander, had information before him that while employed as a cashier at the NEX on July 30, 2003, plaintiff engaged in an unlawful sale of rationed items, and specifically two bottles of alcohol, to an unauthorized individual. (Deft.'s Exh. E, Report of Investigation; Deft.'s Exh. N, Truitt Decl.; Pltf.'s Compl, Attch., p.1, Matts Letter.) Because such conduct was a violation of United Kingdom law and Third Air Force Instruction 34-101 governing the Retirees' Limited Privilege Program, Commander Matts determined to revoke plaintiff's limited retiree privileges, which was authorized under Third Air Force Instruction 36-101; and debar plaintiff from entering Naval facilities with limited exception, which was permitted under Department of Defense Directive 5200.8. (Deft.'s Exh. N, Truitt Decl.; Pltf.'s Compl, Attch., p.1, Matts Letter; Pltf.'s Exh. E, Docket No. 24, Crenshaw Letter.) Rear Admiral L.W. Crenshaw, Jr., approved of Commander Matts' action, finding it to be "reasonable and appropriate" in light of plaintiff's "violation of United Kingdom laws and regulations established by the Third Air

Force." (Pltf.'s Exh. E, Docket No. 24, Crenshaw Letter.)  Rear Admiral Crenshaw found plaintiff's violation to constitute a "serious breach of the privileges we enjoy as guests in the United Kingdom" and noted that Commander Matts was "tasked with ensuring personnel on installations under his command comply with the laws of the United Kingdom so that the privileges currently afforded U.S. military retirees in the U.K. by Her Majesty's Customs and Excise may be retained."  (Id.)

An employee's violation of his employer's policies is a legitimate non-discriminatory reason for adverse employment action. McNary v. Schreiber Foods, Inc., 535 F.3d 765, 769 (8th Cir. 2008). Likewise, an employee's conduct which violates government regulations and could result in criminal penalties also constitutes a legitimate, non-discriminatory reason for adverse employment action.  Luciano v. Monfort, Inc., 259 F.3d 906, 908-10 (8th Cir. 2001).  In light of Commander Matts' knowledge of plaintiff's reported misconduct, violation of Navy regulations, and violation of the laws of the United Kingdom, his determination to discipline plaintiff in accordance with Navy regulations and Department of Defense policies by debarring plaintiff from full access to Naval facilities was supported by a legitimate, non-discriminatory reason for disciplinary action.

The burden thus shifts to plaintiff to show that the reason provided by the defendant is pretext for age discrimination.

In response to defendant's Motion for Summary Judgment, however, plaintiff has produced no evidence or argument demonstrating that his age was a factor in the disciplinary decision. At all times, plaintiff bears the burden of demonstrating a genuine issue of fact as to whether the employer intentionally discriminated against him on account of his age. Vaughn v. Roadway Express, Inc., 164 F.3d 1087, 1091 (8th Cir. 1998). Plaintiff has failed to meet this burden inasmuch as he has failed to produce any evidence to show that defendant's disciplinary action in debarring plaintiff from Naval facilities in London was motivated by plaintiff's age. Defendant should therefore be granted summary judgment as to plaintiff's claim of age discrimination related to his debarment.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Donald C. Winter's Motion for Summary Judgment (Docket No. 16) is granted.

Judgment shall be entered accordingly.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this  _4th_  day of February, 2009.